UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RITA J. TURNER and MADOLYN S. SMITH, </br></br>      Plaintiffs,</br></br>  v.</br></br>TRILOGY HEALTH SERVICES, LLC d/b/a WATERFORD PLACE HEALTH CAMPUS, and DENNIS TOMLINSON,</br></br>      Defendants. | CASE NO. 1:05-cv-1287-DFH-TAB |

ENTRY ON DEFENDANT TRILOGY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

Plaintiff Rita J. Turner and Madolyn S. Smith have sued their former employer and a former co-worker. Plaintiffs allege that former co-worker Dennis Tomlinson engaged in repeated acts of battery against them that also amounted to sexual harassment on the job. Plaintiffs allege that their former employer Trilogy Health Services, LLC ("Trilogy"), which did business as Waterford Place Health Campus, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by failing to respond adequately to Tomlinson's sexual harassment and then by firing them to retaliate against them for complaining about the sexual harassment. Defendant Trilogy has moved for partial summary judgment on the retaliation claims. Trilogy contends that the undisputed facts show (a) that it fired both plaintiffs for falsifying time records and (b) that the person who decided to

fire plaintiffs was not aware of their protected activity (the complaints about sexual harassment) when he decided to fire them, so that he could not have acted with a retaliatory motive.

To win summary judgment on the plaintiffs' retaliation claims, Trilogy must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In deciding a motion for summary judgment, the court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the evidence. *Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (reversing summary judgment); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (reversing summary judgment). Instead, the court must view the evidence in the light reasonably most favorable to the non-moving parties, giving them the benefit of conflicts in the evidence. *Paz*, 464 F.3d at 664; *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 754 (7th Cir. 2006); *Payne*, 337 F.3d at 770.

Trilogy's motion for summary judgment on the retaliation claims must be denied because plaintiffs have come forward with evidence sufficient to present genuine issues of material fact. The court could not rule in favor of Trilogy without weighing the credibility of conflicting evidence and without choosing from among conflicting reasonable inferences that the evidence would support.

Giving plaintiffs the benefit of conflicts in the evidence and of the most favorable inferences the evidence will support, a reasonable jury could find: (a) that plaintiffs' immediate supervisor Betty Miller was unhappy about their complaints about Tomlinson's sexual harassment, (b) that Miller discouraged plaintiffs from pursuing their complaints, (c) that she warned plaintiffs that pursuing the complaints could cost them their jobs because "they" (more senior management) did not like such complaints, and (d) that she falsified the information that was used to fire the plaintiffs. If she falsified that information, Miller's knowledge of the sexual harassment complaints and her hostility toward them could be attributed to Trilogy under the "cat's paw" theory. See, *e.g.*, *Byrd v. Illinois Dept. of Public Health*, 423 F.3d 696, 711-12 (7th Cir. 2005) (vacating defense verdict and remanding for new trial where jury instruction defined theory too narrowly); *Lust v. Sealy, Inc.*, 383 F.3d 580, 584-85 (7th Cir. 2004) (affirming plaintiff's verdict); *Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir. 1990) (reversing summary judgment for employer and coining term for theory).

In deciding a motion for summary judgment, the court does not weigh this evidence or predict which evidence is likely to be more persuasive with the jury. Under the applicable standard for summary judgment, these are issues of disputed fact that a jury will need to resolve. Defendant Trilogy's motion for partial summary judgment is hereby denied. Trial remains scheduled for February 12, 2007.

So ordered.

Date: January 8, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Rebecca Biller Elmore
KRIEG DEVAULT
relmore@kdlegal.com

Denise K. LaRue
HASKIN LAUTER LARUE & GIBBONS
dlarue@hlllaw.com

Mark Thomas Robbins
HASKIN LAUTER LARUE & GIBBONS
mrobbins@hlllaw.com

Elizabeth Gardner Russell
KRIEG DEVAULT
egr@kdlegal.com